Mark S. Mulholland
Matthew F. Didora
RUSKIN MOSCOU FALTISCHEK, P.C.
East Tower, 15th Floor
1425 RexCorp Plaza
Uniondale, New York 11556-1425
Phone: (516) 663-6600

John F. Morrow, Jr. – *pro hac vice*
WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
One West Fourth Street
Winston-Salem, North Carolina 27101
Phone: (336) 721-3584

*Attorneys for Defendant*
*Remington Arms Company, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
**O.D.F. OPTRONICS LTD. and**
**WAVE GROUP LTD.,**

|                          |                             |
|--------------------------|-----------------------------|
| **Plaintiffs,**          | **Case No. 08-CV-4746 (DLC/DFE)** |

- against -

**REMINGTON ARMS COMPANY, INC.,**
**MIGUEL PEREZ d/b/a TACTICAL DEPOT**
**and Does 1-10 being defendants whose names**
**are currently unknown but are engaged in the**
**wrongdoing alleged in the complaint herein,**

**Defendants.**
------------------------------------------------------------X

**MEMORANDUM IN SUPPORT OF MOTION TO**
**DISMISS COUNT VIII OF PLAINTIFFS' COMPLAINT**

**R∇F**
RUSKINMOSCOUFALTISCHEK P.C.
*Counselors at Law*

**1425 REXCORP PLAZA**
**UNIONDALE, NEW YORK 11556-1425**

**(516) 663-6600**

## INTRODUCTION

Plaintiffs O.D.F. Optronics Ltd. ("ODF") and Wave Group Ltd. ("Wave") (collectively "Plaintiffs") filed this action alleging breach of contract, patent infringement, and trademark infringement and other related claims. *See generally* Complaint [D.E. 1]. One of the other claims is a count for "Breach of Covenant of Fair Dealing and Good Faith." Because this claim is duplicative of the breach of contract claim, it should be dismissed as a matter of law.

## FACTUAL ALLEGATIONS

In their complaint, Plaintiffs allege that defendant Remington Arms Company, Inc. ("Remington") breached several agreements between Remington and ODF. Specifically, Plaintiffs allege a cause of action for "Breach of Contract" and a separate cause of action for "Breach of Covenant for Fair Dealing and Good Faith." *See* Complaint, Counts III and VIII respectively. Both Count III and Count VIII concern two agreements meant to define the relationship between Plaintiffs and Remington and, in particular, govern the sale of a product manufactured by ODF and sold by Remington. The agreements are referred to in the Complaint as the Distribution Agreement and the Termination Agreement. The terms of these agreements are not important to the resolution of this motion. What is important is that Counts III and VIII concern the same agreements.

Counts III alleges that Remington breached the Termination Agreement. Complaint, ¶¶ 43-55. Count VIII alleges that Remington has engaged in conduct "in violation of the Termination Agreement" and "in violation of the Distribution and/or the Termination Agreement" by selling product after April 15, 2008 selling product below ODF's "market price," or selling product to parties that will violate the terms of the Distribution Agreement and/or Termination Agreement. Complaint, ¶¶ 72-75. While Remington vigorously denies violating any agreement, it is clear that both Plaintiffs Counts III and VIII concern alleged violations of the Termination Agreement.

2

## ARGUMENT

**I.    The Legal Standard Applicable To This Motion**

A motion to dismiss pursuant to Rule 12(b)(6) will be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994). "In determining the adequacy of the complaint, the court may consider any written instrument attached to the complaint as an exhibit or incorporated in the complaint by reference, as well as documents upon which the complaint relies and which are integral to the complaint." *Subaru Distribs. Corp. v. Subaru of Am., Inc.*, 425 F.3d 119, 122 (2d Cir. 2005).

Claims such as this one, which involve the interpretation of a contract as a matter of law, are particularly "suitable for disposition on a motion to dismiss." *See W.R. Grace & Co. – Conn. v. Hampshire Chem. Corp.*, 1998 WL 2814, at *2 (S.D.N.Y. Jan. 6, 1998) (citing *United States v. Liranzo*, 944 F.2d 73, 77 (2d Cir. 1991).

**II.    Count VIII Must Be Dismissed Because New York Law Does Not Recognize Such A Cause Of Action**

Although pled as two separate causes of action, the third and eighth counts of Plaintiffs' Complaint are essentially the same. In both counts, Plaintiffs allege that Remington "breached" (Count III) or "violated" (Count VIII) the terms of the Termination Agreement between Remington and Plaintiffs by making certain sales of product. These claims fail as a matter of law.

Even though New York courts recognize that an implied duty of good faith exists between the parties of any express contact the "breach of that duty is merely a breach of the underlying contract" and does not constitute a separate cause of action. *Fasolina Foods Co. v. Banca Nazionale Del Lavoro*, 961 F.2d 1052, 1056 (2d Cir. 1992) (citations omitted); *D.C. USA Operating Co., LLC v. Indian Harbor Ins. Co.*, 2007 WL 945016, at *12 (S.D.N.Y. Mar. 27,

2007) ("It is axiomatic that 'a contract claim for alleged breach of the implied covenant of good faith and fair dealing is duplicative of a claim for breach of contract and should be dismissed") (citations omitted); see also *New York Univ. v. Cont'l Ins. Co.*, 87 N.Y. 2d 308, 319-320 (N.Y. 1995) (bad faith claims that are "based on the alleged breach of the implied covenant of good faith and fair dealing" are considered "duplicative of the ... cause of action for breach of contract and should [be] dismissed").

Because Plaintiffs' allegations of breach of the covenant of good faith and fair dealing and breach of contract clearly stem from the same purported contractual relationships, they are duplicative, and Plaintiffs' eighth cause of action should be dismissed as a matter of law.

## CONCLUSION

Plaintiffs' cause of action for "Breach of Covenant of Good Faith and Fair Dealing" should be dismissed because it is duplicative of Plaintiffs' claim for breach of contract.

Dated:        Uniondale, New York              Respectfully submitted,
              August 15, 2008

                                               RUSKIN MOSCOU FALTISCHEK, P.C.

                                     By: _____
                                               Mark S. Mulholland
                                               Matthew F. Didora
                                               East Tower, 15th Floor
                                               1425 RexCorp Plaza
                                               Uniondale, New York 11556-1425
                                               Phone: (516) 663-6600

                                               *Of Counsel:*

                                               John F. Morrow, Jr. – *pro hac vice*
                                               WOMBLE CARLYLE SANDRIDGE & RICE,
                                               PLLC
                                               One West Fourth Street
                                               Winston-Salem, North Carolina  27101
                                               Phone: (336) 721-3584

                                               *Attorneys for Defendant*
                                               *Remington Arms Company, Inc.*

4

## CERTIFICATE OF SERVICE

I, Matthew F. Didora, hereby certify that on August 15, 2008, I caused to be served a true copy of the annexed MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNT VIII OF PLAINTIFFS' COMPLAINT, to be filed with the Clerk of the Court and served in accordance with the Eastern District rules, by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following person at the last known address set forth:

GOLDBERG & RIMBERG, PLLC
Joel S. Schneck, Esq.
115 Broadway, 3rd Floor
New York, New York 10006
*Attorneys for Plaintiffs*

Dated:  August 15, 2008
         Uniondale, New York

Matthew F. Didora
Ruskin Moscou Faltischek, P.C.
1425 RexCorp Plaza
Uniondale, New York 11556
(516) 663-6600