Mark S. Mulholland
Matthew F. Didora
RUSKIN MOSCOU FALTISCHEK, P.C.
East Tower, 15th Floor
1425 RexCorp Plaza
Uniondale, New York 11556-1425
Phone: (516) 663-6600

John F. Morrow, Jr. – *pro hac vice*
WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
One West Fourth Street
Winston-Salem, North Carolina 27101
Phone: (336) 721-3584

*Attorneys for Defendant*
*Remington Arms Company, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

**O.D.F. OPTRONICS LTD.** and
**WAVE GROUP LTD.**,

                              **Plaintiffs,**     Case No. 08-CV-4746 (DLC/DFE)

       - against -

**REMINGTON ARMS COMPANY, INC.,**
**MIGUEL PEREZ d/b/a TACTICAL DEPOT**
and Does 1-10 being defendants whose names
are currently unknown but are engaged in the
wrongdoing alleged in the complaint herein,

                              **Defendants.**

---------------------------------------------------------------X

## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendant Remington Arms Company, Inc. ("Remington"), through undersigned counsel, hereby Answers Plaintiffs' Complaint as follows without prejudice to Remington's pending motion to dismiss Count VIII of Plaintiffs' Complaint:

## PARTIES

1. Remington is without sufficient information to admit or deny the allegations of paragraph 1 of the complaint, and therefore denies same.

2. Remington is without sufficient information to admit or deny the allegations of paragraph 2 of the complaint, and therefore denies same.

3. Admitted.

4. Remington is without sufficient information to admit or deny the allegations of paragraph 4 of the complaint, and therefore denies same.

## NATURE OF ACTION

5. Remington admits that this purports to be an action for patent infringement, breach of contract, and related claims. Except as expressly admitted, Remington denies the allegations of paragraph 5 of the complaint.

## JURISDICTION AND VENUE

6. Denied.

7. Denied.

8. Denied.

9. Denied.

## BACKGROUND

10. Remington is without sufficient information to admit or deny the allegations of paragraph 10 of the complaint, and therefore denies same.

11. Remington admits that ODF represents that once the Eyeball sphere hits the ground, it establishes a 360-degree video image of the surrounding area and feeds it to operators holding the small display unit.

12. Remington admits that ODF represents that the Eyeball features audio sensors as well as sensors which distinguish between daytime and nighttime.

**Intellectual Property**

13. Remington is without sufficient information to admit or deny the allegations of paragraph 13 of the complaint, and therefore denies same.

14. Remington is without sufficient information to admit or deny the allegations of paragraph 14 of the complaint, and therefore denies same.

15. Remington is without sufficient information to admit or deny the allegations of paragraph 15 of the complaint, and therefore denies same.

**ODF's Accolades and Good Will**

16. Remington is without sufficient information to admit or deny the allegations of paragraph 16 of the complaint, and therefore denies same.

17. Remington is without sufficient information to admit or deny the allegations of paragraph 17 of the complaint, and therefore denies same.

**The Distribution Agreement**

18. Remington admits that on July 19, 2004, it entered into a Distribution Agreement with ODF, which was subsequently twice amended. The terms of the Distribution Agreement and amendments speak for themselves, and Remington incorporates same herein by reference for purposes of providing any prior agreement was between Remington and ODF.

19. The terms of the Distribution Agreement and amendments speak for themselves, and Remington incorporates same herein by reference for purposes of providing any prior agreement between Remington and ODF.

20. The terms of the Distribution Agreement and amendments speak for themselves, and Remington incorporates same herein by reference for purposes of providing any prior agreement between Remington and ODF.

21. The terms of the Distribution Agreement and amendments speak for themselves, and Remington incorporates same herein by reference for purposes of providing any prior agreement between Remington and ODF.

22. The terms of the Distribution Agreement and amendments speak for themselves, and Remington incorporates same herein by reference for purposes of providing any prior agreement between Remington and ODF.

23. Remington admits that the parties operated pursuant to the Distribution Agreement, as amended, from 2004-2007, and that the parties mutually decided to terminate that agreement in February 2008. Except as expressly admitted, Remington denies the allegations of paragraph 23 of the complaint.

24. Remington admits that the parties entered into a Termination, Settlement and Release Agreement on February 12, 2008. Except as expressly admitted, Remington denies the allegations of paragraph 24 of the complaint.

25. The terms of the Termination, Settlement and Release Agreement speak for themselves, and Remington incorporates same herein by reference for purposes of demonstrating the scope of such agreement.

26. The terms of the Termination, Settlement and Release Agreement speak for themselves, and Remington incorporates same herein by reference for purposes of demonstrating the scope of such agreement.

27.    Remington admits that in his November 8, 2007 letter, Mr. Pantle conveyed that it had 1,670 units in inventory.

28.    Remington admits that it provided a spreadsheet showing shipments of approximately 131 Eyeball kits. Except as expressly admitted, Remington denies the allegations of paragraph 28 of the complaint.

## COUNT I

### Patent Infringement

29.    Remington incorporates by reference all of the allegations set forth in paragraphs 1-28 above.

30.    Denied.

31.    Denied.

32.    Denied.

33.    Denied.

34.    Denied.

35.    Denied.

36.    Denied.

## COUNT II

### Trademark Infringement

37.    Remington incorporates by reference all of the allegations set forth in paragraphs 1-36 above.

38.    Denied.

39.    Denied.

40.    Denied.

41. Denied.

42. Denied.

## COUNT III

### Breach of Contract

43. Remington incorporates by reference all of the allegations set forth in paragraphs 1-42 above.

44. Denied.

45. Denied.

46. Remington admits that on May 7, 2008, Robert Pantle sent ODF a letter that stated, among other things, that Remington reached full terms for the sale of some of its inventory to Blue Star, and that the inventory was not given to Blue Star.

47. Denied.

48. The terms of the Termination, Settlement and Release Agreement speak for themselves, and Remington incorporates same herein by reference for purposes of demonstrating the scope of such agreement.

49. Admitted.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

## COUNT IV

### Anticipatory Breach

56. Remington incorporates by reference all of the allegations set forth in paragraphs 1-55 above.

57. Admitted.

58. Denied.

59. Denied.

60. Denied.

## COUNT V

### Unjust Enrichment

61. Remington incorporates by reference all of the allegations set forth in paragraphs 1-60 above.

62. Denied.

63. Denied.

## COUNT VI

### Accounting

64. Remington incorporates by reference all of the allegations set forth in paragraphs 1-63 above.

65. Denied.

66. Remington admits that ODF is seeking an accounting, but denies that ODF is entitled to any such accounting.

67. Denied.

68. Denied.

## COUNT VII

### Permanent Injunction

69. Remington incorporates by reference all of the allegations set forth in paragraphs 1-68 above.

70. Denied.

71. Denied.

## COUNT VIII

### Breach of Covenant of Good Faith and Fair Dealing

72. Remington incorporates by reference all of the allegations set forth in paragraphs 1-71 above.

73. Denied.

74. Denied.

## COUNT IX

### Tortious Interference with Contractual Relations

75. Remington incorporates by reference all of the allegations set forth in paragraphs 1-74 above.

76. Remington admits that it and ODF/Wave are parties to the Termination Agreement, which supersedes the Distribution Agreement.

77. Upon information and belief, Blue Star is aware of the Termination Agreement and Distribution Agreement.

78. Denied.

79. Denied.

80.  Remington is without sufficient information to admit or deny the allegations of paragraph 80 of the complaint, and therefore denies same.

81.  Denied.

82.  Denied.

83.  Denied.

## AFFIRMATIVE DEFENSES

Further, Remington asserts the following defenses and states:

### First Affirmative Defense

84.  The Complaint fails to state a claim for which relief can be granted within the meaning of Rule 12(b)(6) of the Federal Rules of Civil Procedure and New York law on several of Plaintiffs' purported claims.

### Second Affirmative Defense

85.  Plaintiffs have failed to adequately plead the elements necessary to sustain the asserted causes of action, and those causes of action should therefore be dismissed.

### Third Affirmative Defense

86.  Plaintiffs' claims are barred by the doctrine of unclean hands.

### Fourth Affirmative Defense

87.  If Plaintiffs' interpretation of the Termination Agreement is accepted, there was no meeting of the minds sufficient to form such an agreement between the parties.

### Fifth Affirmative Defense

88.  Plaintiffs' patent and trademark claims are barred by the first sale and related doctrines and by initiating this action Plaintiffs have engaged in patent misuse and vexatious litigation.

### Sixth Affirmative Defense

89. The claims of Plaintiffs' purported patents are invalid for failure to comply with the requirements of 35 U.S.C. §§ 101, 102, 103, 112, and/or other applicable provisions of the Patent Laws.

### Seventh Affirmative Defense

90. Plaintiffs have failed to mitigate any alleged damages.

### Eighth Affirmative Defense

92. One or more of Plaintiffs' claims are time barred by applicable statutes of limitation.

### Ninth Affirmative Defense

93. Plaintiffs' alleged claims are barred, either in whole or in part, by operation of the principles of waiver, equitable estoppel, acquiescence, or laches.

### Tenth Affirmative Defense

94. Plaintiffs lack standing to assert some of the claims contained in the Complaint.

### Eleventh Affirmative Defense

95. Remington does not make, use, offer for sale or sell, and has not made, used, offered for sale or sold in the United States any products that infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of Plaintiffs' purported patents, either directly or indirectly, contributorily or otherwise, and Remington has not induced any others to infringe those patents.

### Twelfth Affirmative Defense

96. ODF failed to perform all duties under the Termination Agreement regarding warranties and repairs and Remington is therefore relieved of its duty to perform under the same.

### COUNTERCLAIMS

97. Remington incorporates by reference its answers and affirmative defenses as set forth above in paragraphs 1-96 as if fully set forth herein and asserts the following counterclaims against Plaintiffs.

### Parties

98. Upon information and belief, Plaintiff O.D.F. Optronics Ltd. ("ODF") is a foreign corporation based in Israel.

99. Upon information and belief, Plaintiff Wave Group Ltd. ("Wave") is a foreign corporation also based in Israel and is the parent corporation of ODF.

100. Remington is a Delaware corporation with a principal place of business located at 870 Remington Drive, Madison, North Carolina.

### Jurisdiction and Venue

101. This is an action for declaratory judgment of non-infringement and invalidity of United States Patent No. 7,253,969 (filed May 12, 2003) ("the '969 patent") and United States Patent No. 7,362,516 (filed July 3, 2003) ("the '516 patent"). This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; the Lanham Act, 15 U.S.C. § 1051, *et seq.*; the Patent Laws of the United States, Title 35 United States Code; Rule 57 of the Federal Rules of Civil Procedure; and New York statutory and common law.

102. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338, and 1367(a).

103. Venue is proper in this Court under 28 U.S.C. § 1391(d).

## COUNT I

### Declaratory Relief Regarding Noninfringement Of Patents

104. Remington incorporates by reference its allegations as set forth above in paragraphs 1-103 as if fully set forth herein.

105. Based on Plaintiffs' filing of this lawsuit and Remington's Affirmative Defenses, an actual controversy has arisen and now exists between the parties as to whether or not Remington has directly or indirectly infringed the '969 and '516 patents.

106. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, Remington requests a declaration from the Court that Remington has not infringed any claim of the '969 and '516 patents, either directly, contributorily, or by inducement.

## COUNT II

### Declaratory Relief Regarding Invalidity of Patents

107. Remington incorporates by reference its allegations as set forth above in paragraphs 1-106 as if fully set forth herein.

108. Based on Plaintiffs' filing this lawsuit and Remington's Affirmative Defenses, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '969 and '516 patents.

109. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, Remington requests a declaration from the Court that each of the claims of the '969 and '516 patents are invalid as they fail to comply with the provision of the Patent Laws of the United

States, 35 U.S.C. § 100, *et seq.*, including without limitation, to one more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

## COUNT III

### Declaratory Relief Regarding Noninfringement of Trademarks

110.  Remington incorporates by reference its allegations as set forth above in paragraphs 1-109 as if fully set forth herein.

111.  Based on Plaintiffs' filing this lawsuit and Remington's Affirmative Defenses, an actual controversy has arisen and now exists between the parties regarding the alleged infringement of Plaintiffs' alleged "Eye Ball" trademark, purportedly the subject of U.S. Trademark Application No. 78/535,193.

112.  Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, Remington requests a declaration from the Court that Remington has not infringed the "Eye Ball" trademark or any other trademark purportedly owned by Plaintiffs' pursuant to the Trademark Laws of the United States, 15 U.S.C. § 100, *et seq.*, including without limitation, to one more of 15 U.S.C. §§ 1114, 1116, and/or 1125.

## COUNT IV

### Declaratory Relief Regarding Non-Breach of Contract

113.  Remington incorporates by reference its allegations as set forth above in paragraphs 1-112 as if fully set forth herein.

114.  Based on Plaintiffs' filing this lawsuit and Remington's Affirmative Defenses, an actual controversy has arisen and now exists between the parties regarding the alleged breach of a Distribution Agreement and a Termination, Settlement, and Release Agreement.

115. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, Remington requests a declaration from the Court that Remington has not breached any agreement with Plaintiffs or, in the alternative, that an agreement never existed.

Remington reserves the right to amend this Answer and to assert additional defenses, affirmative defenses, counterclaims or to supplement, alter or change this Answer, upon ascertaining more definite facts during and upon completion of their investigation and discovery.

**PRAYER FOR RELIEF**

WHEREFORE, Remington prays that the Court enter judgment in its favor and grant the following relief:

1. That Plaintiffs have and recover nothing from Remington;

2. That the Court dismiss all counts of Plaintiffs' Complaint with prejudice;

3. A declaration that the '969 and '516 patens are invalid;

4. A declaration that Remington has not infringed any claim of the '969 and '516 patents;

5. A declaration that Remington has not infringed any of Plaintiffs' purported trademarks;

6. A declaration that Remington has not breached any agreement with Plaintiffs;

7. A declaration that this case is exceptional under 35 U.S.C. § 285;

8. An award to Remington of its costs and disbursements in this action, including reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285 and other applicable law; and

9. An award to Remington for such other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Remington hereby demands a trial by jury of all issues so triable in this action.

Dated:     Uniondale, New York           Respectfully submitted,
           August 15, 2008

                                         RUSKIN MOSCOU FALTISCHEK, P.C.

                                         By: _____
                                         Mark S. Mulholland
                                         Matthew F. Didora
                                         East Tower, 15th Floor
                                         1425 RexCorp Plaza
                                         Uniondale, New York 11556-1425
                                         Phone: (516) 663-6600

                                         *Of Counsel:*

                                         John F. Morrow, Jr. – *pro hac vice*
                                         WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
                                         One West Fourth Street
                                         Winston-Salem, North Carolina 27101
                                         Phone: (336) 721-3584

                                         *Attorneys for Defendant*
                                         *Remington Arms Company, Inc.*

## CERTIFICATE OF SERVICE

I, Matthew F. Didora, hereby certify that on August 15, 2008, I caused to be served a true copy of the annexed ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS, to be filed with the Clerk of the Court and served in accordance with the Eastern District rules, by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following person at the last known address set forth:

GOLDBERG & RIMBERG, PLLC
Joel S. Schneck, Esq.
115 Broadway, 3rd Floor
New York, New York 10006
Attorneys for Plaintiffs

Dated: August 15, 2008
       Uniondale, New York

_____
Matthew F. Didora
Ruskin Moscou Faltischek, P.C.
1425 RexCorp Plaza
Uniondale, New York 11556
(516) 663-6600