Mark S. Mulholland
Matthew F. Didora
RUSKIN MOSCOU FALTISCHEK, P.C.
East Tower, 15th Floor
1425 RexCorp Plaza
Uniondale, New York 11556-1425
Phone: (516) 663-6600

John F. Morrow, Jr. – *pro hac vice*
WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
One West Fourth Street
Winston-Salem, North Carolina 27101
Phone: (336) 721-3584

*Attorneys for Defendant*
*Remington Arms Company, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X

O.D.F. OPTRONICS LTD. and
WAVE GROUP LTD.

                              Plaintiffs,    Case No. 08-CV-4746 (DLC/DFE)

       - against -

REMINGTON ARMS COMPANY, INC.,
MIGUEL PEREZ d/b/a TACTICAL DEPOT
and Does 1-10 being defendants whose names
are currently unknown but are engaged in the
wrongdoing alleged in the complaint herein,

                              Defendants.

------------------------------------------------------------X

**DECLARATION OF JOHN F. MORROW, JR. IN SUPPORT**
**OF DEFENDANT REMINGTON ARMS COMPANY, INC.'S MOTION TO TRANSFER**
**VENUE TO THE MIDDLE DISTRICT OF NORTH CAROLINA**

John F. Morrow, under penalty of perjury, affirms as follows:

1. I am an attorney with the law firm of Womble Carlyle Sandridge & Rice, PLLC, am admitted to practice law in the State of North Carolina and before this Court *pro hac vice*, and am counsel for defendant Remington Arms Company, Inc. I submit this declaration in support of Defendant Remington Arms Company, Inc.'s Motion to Transfer Venue to the Middle District of North Carolina.

2. My knowledge of the facts contained in the Declaration is based upon my personal knowledge and review of the facts, pleadings, and papers submitted in this action.

3. True and correct copies of July 15, 2008 e-mails between counsel for ODF and myself are attached as Exhibit A.

4. A true and correct copy of July 17, 2008 emails between counsel for ODF and myself are attached as Exhibit B.

4. A true and correct copy of July 17, 2008 letter from Blue Star to ODF is attached as Exhibit C.

5. True and correct copies of July 18-19, 2008 e-mails between counsel for ODF and myself are attached as Exhibit D.

6. A true and correct copy of a September 3, 2008 email from counsel for ODF to me is attached as Exhibit E.

6. Pursuant to the Court's Scheduling Order, the parties held a settlement conference before Magistrate Judge Eaton on August 4, 2008. Blue Star and its counsel attended the conference.

7. During the conference, Magistrate Judge Eaton focused the discussions between ODF and Blue Star. This made sense to Remington as Remington believed it was logical for

those parties to attempt to reach agreement on how the Eyeball units would be handled moving forward.

8.   The Remington representative and I were not privy to the discussions between ODF and Blue Star, but I was informed by Blue Star that although Blue Star made several proposals to ODF, ODF refused to respond with any formal offers. I was further informed that at one point ODF's representative at the settlement meeting stated that he did not have authority to respond to a proposal from Blue Star. The settlement conference thus concluded unsuccessfully, with ODF requesting additional time to consider Blue Star's proposals and respond. I have since been informed by Blue Star that ODF never substantively responded to any of Blue Star's proposals.

Dated: September 3, 2008
       Winston-Salem, North Carolina

John F. Morrow, Jr.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he has this day served a copy of the foregoing DECLARATION OF JOHN F. MORROW, JR. IN SUPPORT OF DEFENDANT REMINGTON ARMS COMPANY, INC.'S MOTION TO TRANSFER VENUE TO THE MIDDLE DISTRICT OF NORTH CAROLINA on Plaintiffs by filing it with the CM/ECF system to the following:

>Joel S. Schneck, Esq.
>Robert L. Rimberg, Esq.
>Goldberg & Rimberg, PLLC
>115 Broadway, 3rd Floor
>New York, New York 10006
>
>*Attorneys for Plaintiffs*

Dated: September 3, 2008

/s/ John F. Morrow, Jr.
John F. Morrow, Jr.



EXHIBIT A

**From:** Joel S. Schneck [mailto:jss@grlawpllc.com]
**Sent:** Tuesday, July 15, 2008 3:19 PM
**To:** Morrow, John
**Subject:** RE: ODF / Remington

Great. I look forward to receiving your draft settlement agreement.

- Joel S. Schneck

---

**From:** Morrow, John [mailto:JMorrow@wcsr.com]
**Sent:** Tuesday, July 15, 2008 2:40 PM
**To:** Joel S. Schneck
**Cc:** 'MARK S. MULHOLLAND'
**Subject:** ODF / Remington

Joel -

I'm writing to confirm that Remington is willing to enter into a formal settlement and release agreement on the terms we've discussed. Namely:

1) ODF pays $200,000 (this payment should be wired upon execution of settlement agreement);

2) Remington allowed to ship up to 35 units from inventory;

3) Remaining inventory will be destroyed, with ODF paying for all costs related to transportation and destruction of such units, and Remington will be provided with a third party certificate confirming destruction of the units;

4) Full releases between Remington and ODF.

As mentioned, we've been trying to get Blue Star to unconditionally sign-off on such an agreement, but to date have been unsuccessful in that regard. Nevertheless, given your statement earlier today that ODF plans to move forward with litigation if settlement with Remington is not achieved by tomorrow, Remington is willing to take this step. I will begin preparing the formal agreement and send you a draft as soon as possible.

Regards,

John Morrow

**IRS CIRCULAR 230 NOTICE:** To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used,

7/15/2008

for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

**CONFIDENTIALITY NOTICE:** This electronic mail transmission has been sent by a lawyer. It may contain information that is confidential, privileged, proprietary, or otherwise legally exempt from disclosure. If you are not the intended recipient, you are hereby notified that you are not authorized to read, print, retain, copy or disseminate this message, any part of it, or any attachments. If you have received this message in error, please delete this message and any attachments from your system without reading the content and notify the sender immediately of the inadvertent transmission. There is no intent on the part of the sender to waive any privilege, including the attorney-client privilege, that may attach to this communication. Thank you for your cooperation.

7/15/2008

| | |
|---|---|
| **From:** | Morrow, John |
| **Sent:** | Thursday, July 17, 2008 10:20 AM |
| **To:** | 'jss@grlawpllc.com' |
| **Cc:** | 'mmulholland@rmfpc.com'; 'rlr@grlawpllc.com' |
| **Subject:** | Re: ODF / Remington |

Joel

We'll be sending a draft shortly. I'm in Florida just getting off of a plane.

----- Original Message -----
From: Joel S. Schneck <jss@grlawpllc.com>
To: Morrow, John
Cc: MARK S. MULHOLLAND <mmulholland@rmfpc.com>; Robert Rimberg <rlr@grlawpllc.com>
Sent: Thu Jul 17 06:56:25 2008
Subject: RE: ODF / Remington

John:  Please confirm that you have authority to bind your client to the terms cited below.  Additionally, please confirm that while we formally paper the settlement, Remington will continue to refrain from shipping any of the Kits.


- Joel S. Schneck

_____

From: Morrow, John [mailto:JMorrow@wcsr.com]
Sent: Tuesday, July 15, 2008 2:40 PM
To: Joel S. Schneck
Cc: 'MARK S. MULHOLLAND'
Subject: ODF / Remington


Joel -


I'm writing to confirm that Remington is willing to enter into a formal settlement and release agreement on the terms we've discussed.  Namely:


1) ODF pays $200,000 (this payment should be wired upon execution of settlement agreement);


2) Remington allowed to ship up to 35 units from inventory;


3) Remaining inventory will be destroyed, with ODF paying for all costs related to transportation and destruction of such units, and Remington will be provided with a third party certificate confirming destruction of the units;


4) Full releases between Remington and ODF.



1

As mentioned, we've been trying to get Blue Star to unconditionally sign-off on such an agreement, but to date have been unsuccessful in that regard. Nevertheless, given your statement earlier today that ODF plans to move forward with litigation if settlement with Remington is not achieved by tomorrow, Remington is willing to take this step. I will begin preparing the formal agreement and send you a draft as soon as possible.


Regards,


John Morrow




IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

CONFIDENTIALITY NOTICE: This electronic mail transmission has been sent by a lawyer. It may contain information that is confidential, privileged, proprietary, or otherwise legally exempt from disclosure. If you are not the intended recipient, you are hereby notified that you are not authorized to read, print, retain, copy or disseminate this message, any part of it, or any attachments. If you have received this message in error, please delete this message and any attachments from your system without reading the content and notify the sender immediately of the inadvertent transmission. There is no intent on the part of the sender to waive any privilege, including the attorney-client privilege, that may attach to this communication. Thank you for your cooperation.



# KREINDLER & KREINDLER LLP
100 Park Avenue
New York, NY 10017-5590
(212) 687-8181
Fax: (212) 972-9432
www.kreindler.com

July 17, 2008

By Regular Mail and E-Mail
jss@grlpllc.com

Joel S. Schneck, Esq.
Robert L. Rimberg, Esq.
Goldberg & Rimberg, PLLC
115 Broadway, 3rd Floor
New York, NY 10006

    Re: ODF Optronics, et al. V. Remington Arms Co. Inc., et al.
       08 CV 4746 (DLC) and (DFE)

Dear Counsel:

  We have been retained by Blue Star Consortium, Inc. ("Blue Star") to protect its ownership interest and its contractual rights to ODF R1 eyeballs, consisting of 25 kits with Pelican cases and another 1,072 kits without Pelican cases, for a total of 1097 kits that are currently in a warehouse owned and controlled by the Remington Arms Company.

  We have reviewed ODF's complaint and motion before the Honorable Denise Cote in the Southern District of New York, and believe that it and ODF's prior conduct constitutes an interference with the contract between Blue Star and Remington. In addition, it purports to seek possession or destruction of property that Blue Star owns.

  Please be advised that Blue Star will seek to intervene in the action pending in the SDNY and file a request for a restraining order of its own to keep the eyeballs from being destroyed or removed.

  ODF was aware of Blue Star's contract but failed to join it as a necessary party, nor serve Blue Star with its complaint.

**EXHIBIT C**

| California Office | Massachusetts Office | New Jersey Office |
|---|---|---|
| 707 Wilshire Boulevard | 277 Dartmouth Street | 801 Franklin Avenue |
| Los Angeles, CA 90017-3613 | Boston, MA 02116-2805 | Franklin Lakes, NJ 07417 |
| Tel: (213) 622-6469 | Tel: (617) 424-9100 | Tel: (201) 343-7771 |
| Fax: (213) 622-6019 | Fax: (617) 424-9120 | Fax: (212) 972-9432 |

July 17, 2008
Page -2-

      Any action to remove or destroy the eyeballs before Court adjudication will be viewed as a gross violation of the civil justice process, and will cause irreparable harm to Blue Star. Blue Star will then be forced to seek not only compensatory damages, including harm caused to its reputation and the property loss itself, but will also seek an award for punitive damages.

      If you have any questions, please do not hesitate to call me.

                        Very truly yours,

                        KREINDLER & KREINDLER LLP

                        By: _____
                            Andrew J. Maloney III

AJM/gm

cc:    Mark S. Mulholand, Esq.
       Matthew F. Didora, Esq.
       Ruskin Moscou Faltischeck PC
       1425 Rex Corp Plaza
       Uniondale, NY 11556
       (516) 663-6528
       mmulholand@rmfpc.com

       John Morrow, Esq.
       Womble Carlyle Sandridge & Rice, PLLC
       One West Fourth Street
       Winston-Salem, NC 27101
       (336) 721-3600
       (336) 733-8429

| | |
|---|---|
| **From:** | Morrow, John |
| **Sent:** | Saturday, July 19, 2008 8:14 AM |
| **To:** | 'jss@grlawpllc.com'; 'mmulholland@rmfpc.com' |
| **Cc:** | 'rlr@grlawpllc.com' |
| **Subject:** | Re: Settlement Agreement |

Joel -

We believe we reached agreement on all material terms, and will maintain that position. Your suggestion that indemnification was inherent is untenable. Although we've been discussing settlement for weeks, and you've known that Blue Star objects (indeed it was ODF that pushed for the settlement terms despite Blue Star's objection), you've never once mentioned indemnification or anything remotely related to the concept.

Regardless of whether ODF signs the formal agreement, we believe we have a deal. You can contact me Monday if you want to memorialize that deal further.

Regards,

John


----- Original Message -----
From: Joel S. Schneck <jss@grlawpllc.com>
To: Morrow, John; mmulholland@rmfpc.com <mmulholland@rmfpc.com>
Cc: Robert Rimberg <rlr@grlawpllc.com>
Sent: Fri Jul 18 16:33:20 2008
Subject: Re: Settlement Agreement

John - we disagree that there was a full agreed upon settlement, as it was expressly contemplated that there would be a formal agreement. The indemnification provision was an inherent part of such formal agreement as it was always contemplated that Remington would be addressing any of Blue Star's issues.
- Joel S. Schneck


EXHIBIT

## Morrow, John

**From:** Joel S. Schneck [jss@grlawpllc.com]
**Sent:** Wednesday, September 03, 2008 10:02 AM
**To:** Morrow, John
**Cc:** MARK S. MULHOLLAND; Andrew J. Maloney
**Subject:** RE: Activity in Case 1:08-cv-04746-DLC O.D.F. Optronics et al v. Remington Arms Company, Inc. et al Amended Complaint

As we are not prepared at this time to withdraw our intellectual property claims, we will be submitting a motion for leave to file an Amended Complaint.

- Joel S. Schneck



EXHIBIT E